# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN E. RANSOM,<br><br>        Plaintiff,<br><br>    v.<br><br>D. ORTIZ, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:11-cv-00617-OWW-GBC (PC)<br><br>ORDER DISMISSING ACTION AS DUPLICATIVE<br><br>(ECF No. 1)<br><br>CLERK TO CLOSE CASE |

**ORDER**

Plaintiff Bryan E. Ransom is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on April 18, 2011. (ECF No. 1.)

Upon review of this case, this Court has concluded that the complaint submitted on April 18, 2011 is substantively identical to Plaintiff's complaints in case 1:09-cv-00208-LJO-DLB and case 1:05-cv-00086-OWW-GSA. Claim 1, dealing with sanitary conditions of razor blades, was dealt with in case 1:09-cv-00208-LJO-DLB. Claims 2 through 7 and claim 9 were dealt with in 1:05-cv-00086-OWW-GSA.

It appears that Plaintiff has not attempted Claim 8 before. However, the Court finds that Plaintiff is precluded from bringing it now. Claim 8 is a continuation of Claim 7. It has the same facts, same Defendants, even the same violations. According to the Ninth Circuit, to ascertain whether successive causes of action are the same, we use the transaction test, developed in the context of claim preclusion.

1   "Whether two events are part of the same transaction or series depends on whether they are related to the same set of facts and whether they could conveniently be tried together." Adams v. California Dept. of Health Services, 487 F.3d 684, 689 (9th Cir. 2007) (quoting Western Sys., Inc. v. Ulloa, 958 F.2d 864, 871 (9th Cir. 1992)). In applying the transaction test, we examine four criteria:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

Adams v. California Dept. of Health Services, 487 F.3d 684, 689 (9th Cir. 2007) (quoting Costantini v. Trans World Airlines, 681 F.2d 1199, 1201-02 (9th Cir. 1982)). "The last of these criteria is the most important." Id. at 689.

As stated above, Claim 8 involved the same violation under the same amendment, the same defendants, and the same transactional nucleus of facts. Thus, Plaintiff is precluded from bringing this claim now.

In light of the duplicative nature of the instant action to several other previously filed actions, the Court finds that the instant action should be dismissed as duplicative.

Accordingly, the Court ORDERS that:

1. Action is DISMISSED as duplicative;
2. All pending motions in this action are DISMISSED as moot; and
3. Clerk of Court is DIRECTED to CLOSE THE CASE.

IT IS SO ORDERED.

**Dated:   July 14, 2011**            /s/ Oliver W. Wanger
                                      UNITED STATES DISTRICT JUDGE