# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN E. RANSOM,<br><br>          Plaintiff,<br><br>     v.<br><br>D. ORTIZ, et al.,<br><br>          Defendants.<br>_____ / | CASE NO. 1:11-cv-00617-LJO-GBC (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DENY MOTION TO PROCEED IN FORMA PAUPERIS PURSUANT TO SECTION 1915(g)<br><br>Doc. 22<br><br>OBJECTIONS DUE WITHIN 21 DAYS |

## I. Three Strikes

On April 18, 2011, Plaintiff Bryan E. Ransom ("Plaintiff"), a prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. Doc. 1. On April 22, 2011, the Court ordered Plaintiff to submit an application to proceed in forma pauperis or pay the filing fee within forty-five days. Doc. 5. Plaintiff did not submit an application to proceed in forma pauperis or pay the filing fee. On July 15, 2011, the Court dismissed this action, as duplicative. Doc. 8. On May 25, 2012, the Ninth Circuit reversed this Court's decision to dismiss the case, as duplicative. Doc. 17. On June 19, 2012, the Ninth Circuit issued the formal mandate to this Court. Doc. 20. On July 30, 2012, Plaintiff filed a motion to proceed in forma pauperis. Doc. 22.

A review of the record of actions filed by Plaintiff in the United States District Court reveals that Plaintiff has filed at least three actions that were dismissed as frivolous, malicious, or for failing to state a claim upon which relief may be granted. Section 1915 of Title 28 of the United States Code governs proceedings in forma pauperis. Section 1915(g) provides that:

> [I]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).[1] Determining whether Plaintiff's actions count as strikes under section 1915(g) requires the Court to conduct a "careful examination of the order dismissing an action, and other relevant information," to determine if, in fact, "the action was dismissed because it was frivolous, malicious or failed to state a claim." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).

The Court takes judicial notice of the following cases which counts as strikes: *Ransom v. Doe*, 2:96-cv-08204-RSWL-CT-PC (C.D. Cal.) (dismissed for failure to state a claim on December 4, 1996, dismissed in part pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994));[2] *Ransom v. Williams*, 2:96-cv-08203-MRP-CT-PC (C.D. Cal.) (dismissed for failure to state a claim on December 6, 1996, pursuant to *Heck*); *Ransom v. Sandoval*, 3:01-cv-00513-JM-JAH-PC (S.D. Cal.) (dismissed for failure to state a claim on January 10, 2002). The Court also notes that Plaintiff's request for in forma pauperis status was twice declined by the Ninth Circuit in *Ransom v. Corona*, No. 04-55056 (9th Cir. May 27, 2004) and in *Ransom v. Westphal*, No. 08-15376 (9th Cir. Aug. 27, 2008). Thus, Plaintiff is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding in forma pauperis unless he was under imminent danger of serious physical injury at the time the complaint is filed.

//
//
//
//

---

[1] "This subdivision is commonly known as the 'three strikes' provision. 'Strikes' are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that [they were] frivolous, malicious, or fail[ed] to state a claim' are generically referred to as 'strikes.' Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed [in forma pauperis]." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).

[2] Dismissals pursuant to *Heck* count as § 1915(g) strikes as Plaintiff would fail to state a claim. *See Romero v. United States, et al.*, 2011 U.S. Dist. LEXIS 39224 (D. Az. Apr. 5, 2011) (finding cases dismissed pursuant to *Heck* are dismissals for failure to state a claim); *accord Ransom v. Martinez, et al.*, 2011 U.S. Dist. LEXIS 31370 (E.D. Cal. Mar. 10, 2011); *Bell v. Dikin*, et al., 2010 U.S. Dist. LEXIS 140221 (E.D. Cal. Jan. 3, 2011); *Hamilton, v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995).

## II. Claims of Imminent Danger

### A. Legal Standard

Prisoners qualify for the imminent danger exception based on the alleged conditions at the time the complaint was filed. *Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007). The imminent danger exception requires that a prisoner allege a danger that is "ready to take place" or "hanging threateningly over one's head." *Id.* at 1056. The Ninth Circuit found that "requiring a prisoner to 'allege an ongoing danger . . . is the most sensible way to interpret the imminency requirement.'" *Id.* (quoting *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (per curiam)). Thus, "a prisoner who alleges that prison officials continue with a practice that has injured him or others similarly situated in the past will satisfy the ongoing danger standard and meet the imminence prong of the three-strikes exception." *Id.* at 1056-57. Additionally, the threat to plaintiff must be real and proximate, *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002), and the allegations need to be specific or credible, *Kinnell v. Graves*, 265 F.3d 1125, 1128 (10th Cir. 2001).

### B. Analysis

#### 1. Plaintiff's Allegations are Not "Imminent"

In Plaintiff's complaint, he alleges "Claim No. 1: Imminent Danger." Compl. at 10, Doc. 1. Plaintiff states that since his return to the Corcoran State Prison Security Housing Unit ("SHU") in 2007, prisoners such as Plaintiff are not allotted sufficient time to sanitize communal barbering tools (i.e. electric trimmers / razor). *Id.* at 10-11. Plaintiff states the barbering tools are infected with HIV / AIDS / Hep-C. *Id.* Plaintiff states he has repeatedly raised this issue with defendants D. Ortiz and doe defendants 1-15, to no avail. *Id.*

Plaintiff alleges he contracted Hep-C from contaminated communal barbering tools and cited his prior case, *Ransom v. Scribner*, 2012 WL 1898622, at *1 (9th Cir. May 25, 2012). In that case, the Ninth Circuit found that "[t]he district court properly granted summary judgment to Scribner because Ransom failed to raise a genuine dispute of material fact as to whether Scribner knew of any problems concerning the sanitization of barbering tools during the relevant time period. *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (prison official acts with deliberate indifference only if he knows of and disregards an excessive risk to inmate health and safety)."

1       In the current case, Plaintiff does not specifically allege that he is required to share infected barbering tools but only generally alleges that "prisoners" are mandated to share barbering tools. Furthermore, in Plaintiff's prior case, the Court found that "Plaintiff has no admissible evidence that he contracted Hepatitis C because he used contaminated barbering tools." *Ransom v. Scribner*, 2011 WL 1791551, at *5 n.17 (E.D. Cal. May 09, 2011). Although Plaintiff made specific allegation of being forced to share a razor in his prior case, Plaintiff makes no such allegations in this case.

      Plaintiff alleges that the barbering tools sanitation issue arose upon Plaintiff's return to the SHU in 2007. Compl. at 10, Doc. 1. Plaintiff does not allege that the sanitation issues continue to when Plaintiff filed this case, on April 18, 2011. *See id.* In Plaintiff's other case pending in this Court, Plaintiff states that his two year SHU term expired on March 16, 2011. *Ransom v. Hubbard*, 1:11-cv-00875-GBC, Compl. at 6, Doc. 1. Thus, in this case, Plaintiff alleges that the sanitation issue arose in 2007, and in his other pending case, he alleges that his SHU term expired in March 2011. Therefore, Plaintiff was not experiencing sanitation issues when he filed this case in April 2011. Accordingly, Plaintiff fails to allege facts which demonstrate that his harm, apparently originating in 2007, continued to the date of filing this case in April 2011.

      A prisoner's allegation that he faced imminent danger in the past is insufficient to allow the prisoner to proceed in forma pauperis. *Abdul-Akbar v. McKelvie*, 239 F.3d 307 (3rd Cir. 2001); *Ashley v. Dilworth*, 147 F.3d 715 (8th Cir. 1998); *Medberry v. Butler*, 185 F.3d 1189 (11th Cir. 1999). Thus, Plaintiff's allegations of past harm would not apply to the filing the complaint in this case. In addition, Plaintiff's allegation is vague and speculative as he refers to "prisoners" in general and not to himself personally. *See Kinnell v. Graves*, 265 F.3d 1125, 1127-28 (10th Cir. 2001) (prisoner seeking to invoke the imminent danger exception in § 1915(g) must make specific, credible allegations of imminent danger of serious physical harm) (citing *White v. Colorado*, 157 F.3d 1226, 1232 (10th Cir. 1998)).

**2. Plaintiff Previously Filed the Exact Same Case *Ransom v. Ortiz*, 1:11-cv-00364-LJO-MJS**

      On March 3, 2011, Plaintiff filed *Ransom v. Ortiz*, 1:11-cv-00364-LJO-MJS (E.D. Cal.). Plaintiff made the exact same allegations, and the Court dismissed his case pursuant to the three strikes provision under 28 U.S.C. § 1915(g). *See Ransom v. Ortiz*, 1:11-cv-00364-LJO-MJS, Doc. 5. In that case, the Court found that Plaintiff failed to state a claim for imminent danger, as Plaintiff alleged his claim

originated in 2007, instead of 2011, when he filed his complaint, and that he only vaguely alleged that "prisoners" are not permitted sufficient time to sanitize barbering tools. *See Ransom v. Ortiz*, 1:11-cv-00364-LJO-MJS, Docs. 5, 10. The case is currently on appeal before the Ninth Circuit. *See Ransom v. Ortiz*, No. 11-15836 (9th. Cir. Apr. 7, 2011).

### 3. Plaintiff Previously Made the Same Claims in *Ransom v. Johnson*, No. 1:05-cv-00086-OWW-GSA and Now has Tacked on "Imminent Danger"

Plaintiff also appears to be tacking on claims of imminent danger claims in order to circumvent three strikes. In Plaintiff's complaint, he states that on January 21, 2005, he filed *Ransom v. Johnson*, No. 1:05-cv-00086-OWW-GSA, 2010 WL 4137180 (E.D. Cal.). Compl. at 5, Doc.1. Plaintiff states that in *Ransom v. Johnson*, he filed "Claim Nos. 2 through No. 9" and they "are tolled" pursuant to *Cervantes*, 493 F.3d at 1053-54. Compl. at 6, Doc.1.[3]

In *Ransom v. Johnson*, Plaintiff did not include any claims of imminent danger claim in his complaint, and the Court dismissed his case for failure to pay the filing fee. *Ransom v. Johnson*, 2010 WL 4137180, at * 4; Compl. at 6, Doc.1. Thus, Plaintiff is attempting to allege the same claims as in *Ransom v. Johnson*, but has conveniently tacked on "Claim No. 1: Imminent Danger" in order to avoid the three strikes provision. Compl. at 4, Doc.1. Therefore, Plaintiff is attempting to bring the same case he brought in 2005, but in this instance, he is trying to include an "imminent danger" claim in order to

---

[3] It appears that Plaintiff's claims may be barred by the statue of limitations. The Federal Civil Rights Act does not contain its own limitations period. *Bd. of Regents v. Tomanio*, 446 U.S. 478, 483 (1980). Therefore, federal courts apply the forum state's statute of limitations for personal injury torts. *Id.* A complaint is subject to dismissal under Rule 12(b)(6), if it appears from the face of the pleading that the action was filed after the applicable statute of limitations had expired. *Jablon v. Dean Whitter & Co.*, 614 F.3d 677, 682 (9th Cir. 1999). The statute of limitations is not jurisdictional, but must be raised as an affirmative defense. *Krug v. Imbordino*, 896 F.2d 395, 396 (9th Cir. 1990). The statute of limitations for an action filed under 42 U.S.C. § 1983 is the state's general or residual statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. at 280; *Owens v. Okure*, 488 U.S. 235, 249-50 (1989). Effective January 1, 2003, the new statute of limitations in California for assault, battery, and other personal injury claims is two years, instead of one. Cal. Code Civ. Proc. § 335.1 (West 2009); *Jones v. Blanas*, 393 F.3d 981, 927 (9th Cir. 2004). A § 1983 action filed after that date is governed by the new two-year statute of limitations for personal injury actions. *Id.* (citing *Maldonado v. Harris*, 370 F.3d 945, 955 (9th Cir. 2004)). Federal courts apply state law governing the tolling of the statute of limitations as long as the result is not inconsistent with federal law. *Hardin v. Straub*, 490 U.S. 536, 543-44 (1989). Prior to 1995, the statute of limitations was tolled during any continuous period of incarceration, unless the plaintiff was serving a life term. *See* former Cal. Code Civ. Proc. § 352(a)(3) [Statute of limitations tolled if plaintiff was "imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life."]; *Carlson v. Blatt*, 87 Cal. App 4th 646, 649 (2001). In 1995, the tolling statute was amended to provide for a two year period of tolling or non-life prisoners. *Id.*; Cal. Code Civ. Pro. § 352.1. Finally, the statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process. *Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005). However, the Court does not find it necessary to reach the statute of limitations analysis, as Plaintiff does not meet the imminent danger exception to three strikes.

1  avoid the filing fee. "Frequent filers sometimes allege that they are in imminent danger so they can avoid
2  paying a filing fee." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). This is evident considering
3  the cyclic nature of Plaintiff's claim of "imminent danger" and that the remaining allegations of
4  Plaintiff's complaint have no correlation whatsoever to Plaintiff's tacked on imminent danger claim.

5      "Plaintiff cannot 'create the imminent danger so as to escape the three strikes provision of the
6  PLRA.' *Taylor v. Walker*, 2007 WL 4365718, *2 (S.D. Ill.2007); *see also Bell v. Allen*, 2007 WL
7  484547 (S.D. Ala. Feb. 8, 2007); *Muhammed v. McDonough*, 2006 WL 1640128 (M.D. Fla. June 9,
8  2006); *Wallace v. Cockrell*, 2003 WL 22961212 (N.D. Tex. Oct. 27, 2003). These courts have noted that
9  'to hold otherwise would eviscerate the rule because every prisoner would then avoid the three strikes
10 provision . . . ' *See Muhammed*, 2006 WL 1640128, *1." *Pauline v. Mishner*, 2009 WL 1505672, (D.
11 Haw. May 28, 2009). "The court should not have credited Plaintiff's assertion of imminent danger and
12 allowed him to skirt the three-strikes bar. *See Smith v. Veterans Admin.*, 636 F.3d 1306, 1309 (10th Cir.
13 2011); *Taylor v. Watkins*, 623 F.3d 483, 485 (7th Cir. 2010); *Ciarpaglini*, 352 F.3d at 330-31." *Almond*
14 *v. Pollard*, 443 Fed. Appx. 198 (7th Cir. 2011).

15                                 **III. Conclusion and Recommendation**

16     Therefore, Plaintiff's claim of imminent danger is not "imminent;" Plaintiff previously filed the
17 exact same case *Ransom v. Ortiz*, 1:11-cv-00364-LJO-MJS, which is currently pending on appeal;
18 Plaintiff previously made the same claims in *Ransom v. Johnson*, No. 1:05-cv-00086-OWW-GSA, and
19 now it appears that Plaintiff has tacked on claims of imminent danger claims in order to circumvent three
20 strikes.

21     Plaintiff has three or more strikes which occurred before Plaintiff filed this action on April 18,
22 2011. Moreover, Plaintiff does not demonstrate that he faced imminent danger of serious physical injury
23 at the time he filed his complaint. Therefore, the Court finds that Plaintiff should be precluded from
24 proceeding in forma pauperis and dismissal of Plaintiff's action is appropriate. *See Dupree v. Palmer*,
25 284 F.3d 1234, 1236 (11th Cir. 2002) (finding that denial of in forma pauperis status under § 1915(g)
26 mandated dismissal since a prisoner must pay the filing fee at the time of initiating the suit).

27 //

28 //

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Plaintiff's motion to proceed in forma pauperis is DENIED pursuant to 28 U.S.C. § 1915(g); and

2. This action is DISMISSED, without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    August 23, 2012

UNITED STATES MAGISTRATE JUDGE